## HUCHTING vs. ENGEL, by his Guardian.

An infant, though under seven years of age, is liable in an action for a trespass.

ERROR to the Circuit Court for *Dane* County.

*Huchting* brought an action before a justice of the peace against *Moirtz Engel*, for breaking and entering the plaintiff's premises, and breaking down and destroying his shrubbery and flowers therein standing and growing. The answer, after a general denial, stated that if the defendant ever committed the alleged trespass, "he did so through the want of judgment and discretion, being an infant of about six years of age." On the trial before the justice, the plaintiff proved the alleged trespass and damages; and on the part of the defense it was shown that the defendant, at the time of the trespass, was but little more than six years old. A motion to dismiss the action, on the ground that the defendant was "of such tender years years that a suit at law could not be maintained against him, nor execution issued on a judgment against him," was overruled. The justice rendered judgment against the defendant

for $3.00 damages, with costs. The circuit court, on appeal, reversed the judgment; and the plaintiff sued out his writ of error.

*Abbott, Gregory & Pinney*, for plaintiff in error.

*Hopkins & Foote*, for defendant in error, cited 4 Bacon's Ab., 353; 4 Blackstone's Comm., 72; *Hartfield vs. Roper*, 21 Wend., 615, 619; 41 E. C. L., 422; 22 Vt., 213; 1 Bay, 64; 4 Allen, 289; 8 Gray, 123; 29 Barb., 236; 41 Law Lib., 314; 5 M. & S., 198.

*By the Court*, DIXON, C. J. "Infants are liable in in actions arising *ex delicto*, whether founded on positive wrongs, as trespass or assault, or constructive torts or frauds." 2 Kent's Com., 241.

"Where the minor has committed a tort with force, he is liable at any age; for in case of civil injuries with force, the intention is not regarded; for in such a case a lunatic is as liable to compensate in damages as a man in his right mind." Reeve's Dom. Rel., 258.

"The privilege of infancy is purely protective, and infants are liable to actions for wrong done by them; as to an action for slander, an action of trover for property embezzled, or an action grounded on fraud committed. Macpherson on Infants, 481 (41 Law Lib., 305).

"Infants are liable for torts and injuries of a private nature; as disseisins, trespass, slander, assault, &c." Bingham on Infancy, 110.

"All the cases agree that trespass lies against an infant." *Hartfield vs. Roper*, 21 Wend., 620.

This is the language of a few of the many writers and courts who have spoken upon the subject. All agree, and all are supported by the authorities, with no single adjudged case to the contrary. *Jennings vs. Randall*, 8 Term, 335; *Sikes vs. Johnson*, 16 Mass., 389; *Homer vs. Thwing*, 3 Pick., 492; *Campbell vs. Stokes*, 2 Wend., 137; *Bullock vs. Babcock*, 3 Wend., 391; *Neal vs Gillett*, 23 Conn., 437; *Humphrey vs.*

*Douglass*, 10 Vermont, 71. In the latter case the minor was held answerable for a trespass committed by him, although he acted by command of his father.

The authorities cited by the counsel for the defendant in error have no bearing upon the question. They relate to the criminal responsibility of infants; to the question of negligence on their part, as whether it can be imputed to them so as to defeat actions brought by them to recover damages for personal injuries sustained in part in consequence of the negligence or unskilfulness of others; and to the liability of parents and guardians for wrongs committed by infants under their charge by reason of the neglect or want of proper care of such parents or guardians. The case at bar is none of these. The defendant is not prosecuted criminally; the action is not by him to recover damages for personal injury occasioned by the joint negligence of himself or his parents, and another; nor is the liability of the parents involved. The suit is brought to recover damages for a trespass committed by him; not vindictive or punitory damages, but compensation; and for that he is clearly liable. If damages by way of punishment were demanded, undoubtedly his extreme youth and consequent want of discretion would be a good answer.

Judgment of the circuit reversed, and that of the justice of the peace affirmed.