### C. CHANDLER v. D. DEATON.

1. As a general rule, minors are liable for their own torts; and no presumption arises from the relation of parent and child by which the former can be held responsible for torts committed by the latter.
2. *Quære :* Whether concealment by a parent of a tort committed by his minor child will make the former liable in damages ?

APPEAL from Cherokee. Tried below before the Hon. L. W. Cooper.

The material facts are indicated in the opinion of the court.

*E. W. Bush,* for the appellant.

*S. A. Willson,* for the appellee.

WALKER, J.  It does not appear from the statement of facts in this case, except by inference, who shot the mules of the appellee; but it appears to be conceded by attorneys that they were shot by one or both of the appellant's sons, who were minors at the time of the shooting.  As a general rule of law, minors are liable for their own torts.  The father is not liable in this action as the case is presented to us.  There is no presumption growing out of the domestic relation of parent and child, which would hold the father responsible for a crime or a tort committed by his minor child, unless it be shown that the father is himself in some way implicated as principal or accessory ; and there is no proof of anything of' this kind in this case.  Had it been shown on the trial that Chandler counseled or abetted his sons in shooting Deaton's mules, he might have been held responsible for the act ; or, if he concealed the offense, knowing it to have been committed, he might be liable in a criminal prosecution ; and there may be some doubt whether concealing a knowledge of the act might not be so far regarded as approbating and adopting the act of his sons as to make him liable in damages.  This question, however, does not arise in the case on the record before us, and we will not be understood as deciding it.  The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.