## HEIDINGSFELDER et al. v. RODGERS.
### No. 10286.

Court of Civil Appeals of Texas. Galveston.

July 9, 1936.

Rehearing Denied July 23, 1936.

A. E. Heidingsfelder and Charles E. Heidingsfelder, Jr., both of Houston, for appellants.

T. W. Grobe, of Houston, for appellee.

GRAVES, Justice.

This suit was instituted on August 11 of 1933 by James M. Rodgers, appellee herein, in the district court of Harris county, against C. E. Heidingsfelder, Sr., and Charles E. Heidingsfelder, Jr., appellants herein, to recover on a judgment in his favor against them, rendered on May 4 of 1933 in the superior court of Los Angeles county, Cal., which was alleged to have been a court of general jurisdiction of that state, with jurisdiction over the parties and the subject matter of the cause.

The plaintiff's petition described the judgment by giving the names of the par-

ties, the court in which it was rendered, the date of the judgment, the amount thereof, and. upon trial of the case, in evidence of it, he introduced a copy of the judgment roll of the superior court of Los Angeles county, certified to in accordance with the acts of Congress (U. S. Revised Statutes, § 905 [28 U.S.C.A. § 687]), the original of which has been brought up as a part of the record here.

The defendants pleaded at length, by way of general demurrer, denial, and special answer, but offered no proof whatever.

When the plaintiff rested, the defendents likewise rested, and the court thereupon instructed the jury to find for the plaintiff a like recovery with that carried in the judgment sued upon, which direction having been complied with, judgment was entered accordingly; hence this appeal.

As indicated supra, the appellants confined their offerings to their stated pleadings and objections, or "exceptions," to the certified judgment roll of the California court that was offered by the appellee in support of his cause of action; this signed agreement as to what constituted the record upon the appeal having been entered into between the parties:

"It is hereby agreed that the foregoing six (6) pages of typewritten matter contain a true and correct statement of all the exceptions made and taken upon the trial of the numbered and entitled cause stated in the caption thereof, and that the said six pages, together with the Original Judgment-Roll of the Superior Court of Los Angeles County, Los Angeles, California, and the certificate attached thereto, executed in accordance with the Federal Statute, constitutes a true and correct statement of facts adduced upon the trial of this cause.

"It is expressly agreed that the filing of a copy of the above Statement of Facts in the lower court is in all things waived."

While the appellants thus in writing agreed that the judgment sued upon herein had been certified in accordance with U. S. Revised Statutes, § 905 (28 U. S.C.A. § 687), cited supra, they yet undertake to contend otherwise in this court, attacking it upon a number of claimed departures and deficiencies; obviously that may not be done, but, in any event, this court has taken pains to carefully examine the certificates attached to this judgment roll, and finds them in all respects in. compliance with the federal statute referred to, just as the appellants jointly agreed in the quoted stipulation; these proceedings of the California court were therefore entitled in the Texas courts to the full faith and credit given them under article 4, section 1, of the United States Constitution, and under the procedural act of Congress passed in pursuance thereof, that has been already cited.

The appellants further object, however, to the sufficiency of the appellee's petition herein declaring against them on the California judgment, on the sole ground that it did not give the docket number of the suit in the California court; plainly, in view of what has already been recited as the substance of the petition declaring upon the California judgment, a mere addition of the number of that proceeding in California was not essential to the statement of a cause of action upon the judgment rendered there; indeed, the only way appellants sought to reach this was through a general demurrer to the petition as a whole, which evidently did not lie.

Another contention presented is that it appears from the face of the judgment roll sued upon that appellant Heidingsfelder, Jr., was a minor at the time such purported judgment in California was rendered against him, which would render any recovery against him thereon in Texas a nullity; in answer to this, it may be stated that the proceedings so certified from California not only show upon the face thereof that this younger one of the appellants was not only of age at the time the suit was filed and the judgment thereon rendered in California, but, further, that the cause of action therein declared upon against him was one sounding in both fraud and tort upon his part; indeed, the findings of that court in great detail recite that he misrepresented his age as being 24 years to the appellee at that time, and in consequence of that and many other fraudulent acts and statements induced the appellee to his injury to enter into the transaction upon which the judgment was based; in such circumstances, it is not deemed essential that further details of the findings be given here, since it is established law in Texas that minors are civilly liable both for their torts and fraudu-

lent contracts such as this one was. 21 Texas Digest, Infants, subd. IV, Contracts, ▮▮▮▮ First State Bank v. Edwards (Tex. Civ.App.) 245 S.W. 478; also Infants, subd. V, Torts, ▮▮▮▮▮▮ and cited cases; 23 Texas Jurisprudence, p. 730, par. 37 et seq., also page 749, par. 55, together with footnote cited authorities; Chandler v. Deaton, 37 Tex. 406. The California law, not being pleaded nor proved, presumably is the same. 17 Tex.Jur. p. 297.

▮▮ It is next urged that the judgment cannot stand, because the appellee failed to prove that he was the present owner of the judgment he declared upon, and that he had neither sold nor transferred the same; this presentment is unsound for the reason that—there being no evidence whatever to the contrary—the appellee here presumptively at least was the owner of the judgment he declared upon, and, being the declared plaintiff in the California suit, as well as in this one therein, he thereupon substantiated his allegations of ownership by introducing the entire proceedings shown in the judgment roll of the California court, all properly certified to in accordance with the cited act of Congress; since the appellants offered no evidence tending in any manner to impeach any of these proceedings, the legal presumptions in their favor sufficiently establish all the averments of the appellee's declaration upon the judgment. 26 Tex. Juris, p. 419, par 571; page 424, par. 575; page 444, par. 590; also page 494, par. 636, 17 Tex.Juris, p. 294, par. 83.

Especially did these presumptions—in such circumstances as obtain here, there being nothing to the contrary—cover the matter of presumptive proof of ownership of the judgment in the plaintiff declaring thereon, as well as that it is still valid and subsisting. See Houston v. Dunn, 13 Tex. 476, Wallace v. Schneider (Tex.Civ.App.) 185 S.W. 333, cited under footnotes 5 and 7 to par. 590, 26 Tex. Jur., supra.

It may be added that, as is shown both in this record and in that of the California court so brought here on this appeal, the appellants presented no evidence whatever to either court, but simply stood in each successively upon certain objections or exceptions to the proceedings by way of pleadings, which apparently had nothing of fact upon which to rest; because of this somewhat unusual situation this court has taken pains to carefully inspect the proceedings and to consider each assignment urged; having done so, and finding no reversible error pointed out, it decrees that the judgment rendered below be affirmed.

Affirmed.