BURTON CONSTRUCTION & SHIPBUILDING COMPANY, INC., V. ORALEE BROUSSARD

No. A-4676. Decided December 8, 1954
Rehearing overruled January 12, 1955.
(273 S.W. 2d Series 598)

*Marcus & Weller and David C. Marcus,* of Beaumont, for petitioner.

The Court of Civil Appeals erred in holding that the evidence raised the issue that Broussard was an invitee on Burton's premises at the time and place his injuries were sustained and that the trial court erred in setting aside the jury's findings that he was an invitee. Also in holding that the trial court erroneously rendered judgment in favor of Burton non obstante

veredicto. Kallum v. Wheeler, 129 Texas 74, 101 S.W. 2d 225; King v. King, 150 Texas 662, 244 S.W. 2d 660; Swift & Co. v. McElroy, 126 S.W. 2d 1050.

*D. F. Sanders, Alto V. Watson, Orgain, Bell & Tucker* and *John G. Tucker,* all of Beaumont, for respondent.

In response cited Hall Music Co. v. Robertson, 117 Texas 261, 1 S.W. 2d 857; Wisdom v. Smith, 146 Texas 420, 209 S.W. 2d 164; Triangles Motors of Dallas v. Richmond, 152 Texas 354, 258 S.W. 2d 60.

MR. JUSTICE SMITH delivered the opinion of the Court.

Oralee Broussard sued Burton Construction & Shipbuilding Company, Inc., to recover damages for personal injuries sustained by him on July 14, 1951. Respondent alleged that he was an invitee on petitioner's premises and was standing near the barge when the explosion occurred. He alleged negligence generally and relied on the doctrine of *res ipsa loquitur.* He further alleged certain specific acts and omissions of petitioner as constituting negligence. The pleadings, in the alternative, presented the issue that respondent, if not an invitee, was on the premises as a licensee, and that he was entitled to recover damages on the theory of licensee and active negligence. Respondent also sued Texas Employers' Insurance Association, alleging, in the alternative, that it was the workmen's compensation insurance carrier for petitioner at the time of the explosion and that if he was not an invitee or licensee that he was then an employee of petitioner and entitled to recover under the workmen's compensation law.

Petitioner answered by general denial, a special plea that respondent was a trespasser, or, in the alternative, a mere licensee, an alternative plea that he was an employee at such time and restricted to the rights afforded by the workmen's compensation law, and further plead contributory negligence.

Texas Employers' Insurance Association answered by denying that respondent was an employee of petitioner at the time his injuries were received.

The case was tried to the court with the aid of a jury, and at the conclusion of the testimony presented by respondent, the trial court instructed a verdict in favor of Texas Employers' Insurance Association. We are not concerned with this action

of the court in view of the disposition we make of the controlling issues before us.

At the close of all the testimony introduced in the cause as between petitioner and respondent, the court submitted the case to the jury on special issues. The jury returned its verdict in answer to Special Issue No. 6 that respondent was an invitee on petitioner's premises at the time and place of his injury; the jury found in answer to Special Issue No. 7 that respondent was a licensee at such time and place; it found in answer to Special Issue No. 8 that he was not a trespasser; it found in answer to Special Issue No. 20 that respondent was an employee of petitioner at the time of his injury and in answer to Special Issue No. 21 it found that such injury was not sustained in the course of his employment. The jury also found in favor of respondent and against petitioner on all acts of negligence submitted, including a general finding of negligence under the *res ipsa loquitur* doctrine and awarded damages.

The above issues, as well as others, which were submitted and answered by the jury, will be discussed later in this opinion.

The respondent's motion for judgment on the verdict was overruled. Petitioner filed its motion to disregard various jury findings, and for judgment non obstante veredicto. The court set aside the finding on Special Issue No. 6 (invitee), but refused to disregard Special Issues Nos. 7 and 8 and the several issues of direct negligence. The motion for judgment non obstante veredicto was granted, and the trial court stated in its order that a directed verdict for petitioner would have been proper. Judgment was entered that respondent recover nothing from either peitioner or Texas Employers' Insurance Association.

Respondent appealed from this judgment to the Court of Civil Appeals for the Ninth Supreme Judicial District at Beaumont. By proper order this Court transferred the case to the Court of Civil Appeals for the Tenth Supreme Judicial District at Waco. That Court rendered judgment affirming the trial court's judgment insofar as it denied respondent any recovery against Texas Employers' Insurance Association, but reversed that part of the judgment denying recovery from petitioner, and rendered judgment in respondent's favor. 265 S.W. 2d 665.

The Court of Civil Appeals held that the evidence raised the issue of invitee and that the trial court erred in setting

aside the jury's finding that respondent was an invitee on petitioner's premises at the time and place of his injuries. The Court reviewed the evidence and held that it was sufficient to support the finding of the jury in answer to Special Issue No. 6. That Court rested its judgment on this conclusion alone, without discussing or passing on petitioner's counterpoints that the trial court erred in refusing to set aside the findings of the jury on the issues of licensee and trespasser. Petitioner presents 24 points of error, but our consideration shall be directed in the main to the four which we think are controlling. These points are in substance that (1) the Court of Civil Appeals erred in holding that the evidence raised the issue that respondent was an invitee; (2) that said Court erred in holding that the trial court erroneously rendered judgment in favor of petitioner non obstante veredicto; (3) that the Court erred in not passing upon the question of whether or not respondent was entitled to recover judgment against petitioner as a licensee, and (4) that the Court committed error in not holding that respondent could not recover against petitioner under the jury finding that he was a licensee, and that the trial court properly overruled his motion for judgment based on such finding. Petitioner preserved the above points 3 and 4 in its brief filed in the Court of Civil Appeals all in accordance with Rule 324, Texas Rules of Civil Procedure.

The opinion of the Court of Civil Appeals sets out at great length the evidence upon which it based its conclusion that respondent was an invitee on the premises of petitioner where the explosion occurred. We deem it unnecessary to burden this opinion with a detailed statement of the evidence bearing on the questions involved. The facts, when considered in the light most favorable to the verdict of the jury, does not sustain the finding of the jury that respondent was an invitee on that part of the petitioner's premises where the explosion occurred. The petitioner operated a shipyard and was engaged in the construction of various types of sea-going vessels, and most particularly. the interior of a vessel was being spray painted on July 14. 1951. the date of the explosion. The shipyard adjoined the Neches River Ship Channel and extended back to Highway No. 87 covering several acres. Entrance to the premises was from the Highway only. An office building and a parking lot were situated on the premises fronting the Highway. A double railroad track crossed the premises and separated the office building and parking lot from the rest of the premises. At the railroad tracks was a sign stating "No Visitors Allowed—Apply at Office." Respondent erected this sign while he was an em-

ployee of petitioner. The distance from the entrance to the railroad tracks was 160 feet. A carpenter shop was situated on the premises a distance of 72 feet beyond the railroad tracks. The distance from the carpenter shop to the water's edge where the explosion occurred was 123 feet, plus.

Respondent had been employed by the petitioner for about four years prior to July 12, 1951. On that day he made a request for a raise in pay. The request was refused. Respondent testified that Mr. Burton said: "I'm going to fire you"; "Give your card to Mr. Kennon for him to write you out"; that he was going to write him out, and Mr. Burton told him, "No, don't write him out, let him come another day and get his pay." He further testified that he understood he had been fired, "but he (Mr. Burton) told me to come back some other time, like he was going to give me some more money." In addition to being an employee of petitioner, the respondent also did personal work on the side for Mr. Burton, president of the shipyard, such as mowing his yard and cleaning his fishing boat. The evidence also shows that they would go fishing together at times. Because of this personal relationship and the fact that Mr. Burton told him to return some other day to get his pay, respondent had hopes that he could talk to Mr. Burton and secure re-employment at a higher rate of pay. The evidence further shows that the regular pay day for petitioner's was on Fridays, at 4:30 p.m., and that respondent had a week's pay due him, plus what he had earned, up to Thursday, July 12. Respondent knew that Friday, July 13 was the regular pay day, and that his pay check would be in the office. Respondent did not go to the office on Friday for the reason that "I was just waiting for Mr. O. W. to send word for me to come, that he was going to give me my money"; that "I was just waiting for him to call me; that's the reason"; and that "I was waiting for a call from him to come out, that he was going to give me a raise." On Saturday, July 14, 1951, at about 6:00 a.m., respondent went out to the shipyard to see Mr. Burton and no one else for the express purpose of talking to Mr. Burton about re-employment at higher wages and to pick up his pay check. He testified that in the event his request for a raise was refused, he did not intend to go to work, but would get his clothes and tools located at the carpenter shop and go home. Upon arrival at the shipyard Saturday morning, respondent learned from Mr. Henry Fruge, a night watchman, that Mr. O. W. Burton and Mr. J. C. Hoeny, the general superintendent, had departed at an earlier hour on a fishing trip. While respondent was talking to Mr. Fruge, a Mr. Mott called to him from the water's edge and

Fruge told him to "go see what Mr. Mott wants; maybe Mr. O. W. told him something good for you." Mr. Fruge had checked out and was off duty at the time respondent arrived and respondent knew this fact. Respondent did not wait at the office for Mr. Burton to return, but entered the private premises of petitioner where no visitors were allowed and went to the water's edge and began a conversation with Mr. Mott. The explosion occurred immediately thereafter.

Respondent points out that, in addition to the facts outlined in the opinion of the Court of Civil Appeals, it is in evidence that petitioner allowed its employees to keep their work clothes and tools on the premises and that when their employment terminated they were allowed to go back and were entitled to get them; that evidence further shows that respondent was using Mr. Mott's tool box, and that he had the right to go down to the water's edge and talk to Mott in regard to returning the tool box in the event he did not return to work, and that under all the facts respondent was an invitee, either express or implied, and, if not, then he occupied the status of a ·licensee rightfully on the premises and that he had the right to require of petitioner that it not injure him through its active negligence. The respondent assumes the position that it matters not whether he was an invitee or licensee on the occasion in question because an invitee and licensee have the same right of recovery from the landowner for injuries caused by active negligence. Respondent relies on the rule as tsated in 30 Texas Jur. 859, Sec. 176.

■ We shall first dispose of the question of whether or not the respondent was an invitee at the time and place of the explosion as found by the jury in answer to Special Issue No. 6. Viewing the question from the standpoint of the respondent, we think that at best Mr. Burton extended an implied invitation to him to return to the office at some other time and secure his check. Burton terminated the previous employment and did not invite a further discussion of the matter. It cannot be said that the implied invitation extended to a discussion of the question of re-employment. Under the evidence in this case such an invitation cannot be inferred. There existed no element of mutual benefit accruing by virtue of respondent's visit to the shipyard on the morning of the explosion.

■ In the case of Cowart v. Meeks, Com. App., 131 Texas 36, 111 S.W. 2d 1105, 1107, the Court said: "In the absence of some relation which inures to the mutual benefit of the two, or to

that of the owner, no invitation can be implied, and the injured person must be regarded as a mere licensee." The Court of Civil Appeals held that the evidence supported the finding of the jury that respondent was on the premises where the explosion occurred, and stated that since respondent was an invitee, the cause was ruled by Carlisle v. Weingarten, Inc., 137 Texas 220, 152 S.W. 2d 1073, 1075. In so holding, the Court failed to take into consideration another essential factor in its determination of the issue. That factor is whether the premises were public or private. The Carlisle case recognized the rule that " * * * If one uses his premises for private purposes, he had no reason to expect visitors other than those especially invited by him; and hence is under no obligation to keep his premises in a safe condition for the protection of those who may enter thereon without his invitation. * * *" This rule was again discussed in the case of Renfro Drug Co. v. Lewis, 149 Texas 507, 235 S.W. 2d 609, 616.

■ Another determining factor in favor of petitioner's contention that respondent under the evidence does not occupy the favorable status of an invitee and that it did not owe him the duty of ordinary care is the fact that respondents injuries were sustained at a place on the premises which was not included within any invitation either express or implied. A person may be an invitee as to certain parts of the premises but not as to others. The rule is stated in 30 Texas Jur. 863, *Negligence*, Sec. 180: "The owner or occupant may be held liable only where it appears that the victim sustained the injury while using a part of the premises which was designed for his accommodation or use. * * * A recovery is not sustainable where the evidence leads to the conclusion that 'it could not have been reasonably anticipated' that he would attempt to go to the place in which the injury occurred." The place where the explosion occurred was not covered by the implied invitation as claimed by respondent. Granting that he had the right either as an invitee or licensee to cross the railroad tracks and pick up his work clothes and tools and that he so acted for that purpose, the fact that he went beyond the carpenter shop, a distance of 123 feet, precludes recovery either as an invitee or licensee. 65 C.J.S. 535-538, *Negligence*, Sec. 48(a) ; *Id.*, 514, Sec. 43(4) ; 38 Am. Jur. 761, *Negligence*, Sec. 100; Galveston Oil Co. v. Morton, 70 Texas 400, 7 S.W. 756. No one in authority invited respondent to the premises where the explosion occurred; hence, he is not entitled to recover on the theory that he was an implied invitee. Cowart v. Meeks, supra.

■ Respondent cannot recover on the theory that he was a li-

censee at the time and place of the explosion and that his injuries were caused by the active negligence of the petition, or by a new peril resulting from changed conditions. We have determined that respondent was not rightfully on the premises where the explosion occurred. 30 Texas Jur. 859, *Negligence,* Sec. 176, states the rule as follows: "Where a person is rightfully upon the premises of another, even as licensee, he has the right to require of the proprietor that he so conduct himself as not to injure him through his active negligence." No one in authority gave respondent the right to enter the premises. Mr. Burton had no knowledge of his presence and had no business with him except the fact that he was to return at some date subsequent to July 12 to get his check. Mr. Hoeny, the general superintendent, testified that he had no knowledge of respondent's plan to visit the shipyard Saturday morning; that he met Mr. Burton at the plant about 4:00 o'clock a.m. and they left on a fishing trip about 10 minutes thereafter; that he did not see the respondent that morning and was not interested in rehiring him; that the company did not permit the general public access to the plant. The proof shows that in the absence of Mr. Hoeny, a Mr. J. A. Tibbetts was in active authority at the plant; the jury found that Mr. Tibbetts did not know of the presence of respondent on the premises prior to the time of the explosion. The jury found that Henry Fruge, the night watchman, was off duty, and that respondent knew such fact. Respondent did not enter the premises for the purpose of obtaining his work clothes and tools. He entered without proper authority to learn what Mr. Mott wanted. Since the proof shows conclusively that respondent entered the premises without the authority or knowledge of petitioner or anyone in charge thereof, he did not acquire the status of a licensee. 65 C.J.S. 489, *Negligence,* Sec. 32 (d).

■ The facts in this case clearly establish that the status of respondent is that of a trespasser at the time and place of the explosion. 65 C.J.S. 437, *Negligence,* Sec. 23 (b) states the rule as follows: "A licensee who goes beyond the rights and privileges granted by the license become a trespasser. Thus, a person who is invited or permitted to enter a particular part of the land becomes a trespasser if he enters another part of the land. Where a person while lawfully on the property of another or on public property as an invitee leaves that portion of the property on which he has been invited, or uses the property on a venture in his own interests and not within the scope of his invitation or purpose for which the property was reasonably intended, he loses his status as an invitee and becomes a trespasser

or mere licensee, * * *. When a person becomes a trespasser, he remains such until he has acquired a different status."

In no event did the petitioner owe the respondent any greater duty than not to injure him wilfully, wantonly, or through gross negligence. Carlisle v. Weingarter, supra; Renfro Drug Co. v. Lewis, supra. Nor has the contention been offered by pleadings or evidence that respondent suffered his injuries as the result of any of such acts on the part of petitioner.

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Associate Justice Wilson dissenting.

Opinion delivered December 8, 1954.

Rehearing overruled January 12, 1955.