George Thompson BROWN and Dan Christian Woldert, Jr.,
Appellants,

v.

John L. DELLINGER, Appellee.

No. 7387.

Court of Civil Appeals of Texas.

Texarkana.

March 6, 1962.

Rehearing Denied April 3, 1962.

Leachman, Gardere, Akin & Porter, Thompson, Knight, Wright & Simmons, Dallas, Willis Jarrel, Tyler, for appellants.

Johnson, Hathaway & Jackson, Tyler, for appellee.

FANNING, Justice.

John L. Dellinger sued George Thompson Brown and Dan Christian Woldert, Jr., minors, (who were represented by their respective guardians ad litem) to recover damages to his house and furnishings in a fire which occurred on January 23, 1959. Plaintiff Dellinger filed an amended motion for partial summary judgment on the issue of liability, contending that the minor defendants were liable as joint trespassers as a matter of law, and were also guilty as a matter of law of the commission of an intentional tort of invading or interfering with vested property rights of the plaintiff. Defendants also filed motions for summary judgment. Certain stipulations were made and certain depositions were placed in the record by the parties. The trial court sustained plaintiffs' amended motion for partial summary judgment and denied defendants' motions. The parties then agreed, without prejudice to any future trial, to a stipulation as to the amount of damages. The trial court entered a final judgment in favor of plaintiff for the amount of the stipulated damages with certain stated interest against the two minor defendants. Defendants have appealed.

The judgment of the trial court is affirmed.

The minor appellants on January 23, 1959, the date of the fire, were between 7 and 8 years of age. The appellant Brown was born in September, 1951, and appellant Woldert was born in October, 1951. They were both in the first grade in school and were normal boys of at least average or perhaps above average intelligence for their ages—one of the boys was apparently an "A" or near "A" student and the other one was not rated that high as a student but was apparently at least an average or perhaps above average student. They had both been warned about playing with matches. They lived in the neighborhood where the Dellinger home was located and they had played in and on the Dellingers' yard and had been in the house of the

Dellingers at times when the Dellingers were at home. There is also some evidence in the record that they had played in the Dellingers' garage before the fire. There is also evidence in the record that the two minor appellants were present when Mr. Dellinger burned leaves on an adjacent lot and assisted him in doing so, with Mr. Dellinger cautioning them to keep back from the fire.

On January 23, 1959, the date of the fire, appellee Dellinger and wife were out of town. Their garage was attached to their residence. Before leaving home they had placed a canvas curtain or tarpaulin which closed the entrance to their garage, weighting same down with boards and fastening same down with fasteners. Appellant minors gained entrance to the garage and discovered therein a small portable charcoal grill which they moved within a short distance of the inside of the curtain hanging over the entrance to appellee's garage. The morning was a cold morning, and appellants stated that they wanted to build a fire to get warm. Appellants then secured some leaves from a leaf pile outside of the garage, filled the grill with leaves, and the minor Woldert then went to his home which is located nearby, secured some matches at his home and returned to the garage. Whereupon the appellants both proceeded to ignite the fire. Appellants experienced some difficulty in igniting the fire, and the appellant Woldert made two more additional trips to his home for the purpose of securing more matches with which to continue appellants' efforts in building a fire in the grill in the garage. The appellants were finally successful in their joint efforts in igniting the leaves in the grill and turned around and stood with their backs toward the fire for some interval (warming themselves), after which they discoverd that the canvas curtain had caught fire. Appellants observed the curtain to flap in the wind and appellant Brown stated that perhaps the wind either blew the curtain against the fire or blew the fire over to the curtain. Appellants were unable to extinguish the fire, but got out of the garage safely. The fire rapidly spread to the remainder of the house causing substantial damage to the garage, house and contents thereof, in excess of $28,000.00.

It was admitted that on no occasion did the appellee or his wife conduct themselves individually or together in such a manner as to cause the appellants to have reason or cause to believe that either of said appellants had any implied authority to build a fire in the grill which was ignited by appellants on January 23, 1959.

On no occasions were appellants ever given express authority to play with or build a fire in the subject charcoal grill or play with matches in appellee's garage, nor did appellee or his wife ever conduct themselves so as to give appellants reason or cause to believe that they had implied authority to start or build a fire any place on appellee's premises, or to play with fire or matches in appellee's garage, or to build a fire in appellee's grill in appellee's garage.

Neither appellee nor his wife in any manner consented to the lighting of the fire in question.

Appellee never permitted appellants to play with fire or build a fire and neither of appellants had ever built a fire or played with fire in appellee's garage before appellants ignited the fire on January 23, 1959, when appellee and his wife were away from home in Austin. Appellee had never used the charcoal grill in the presence of the appellants. It also appears that no other children, to the knowledge of appellee and his wife, had ever played with fire or matches anywhere on the premises of the appellee, except on several occasions when appellee was raking and burning leaves on an adjacent lot when appellants attempted to throw (or threw) some leaves on the fire, or would get too close, and it appears from the uncontradicted testimony of appellee that on each occasion appellee would instruct them to desist and get back from the fire.

There was no other fire near the curtain or garage, and the evidence is conclusive that the fire ignited in the grill, spread to or reached the canvas curtain, and from there to the garage, house and contents of the house.

The primary meaning of the term "trespass" is any act which transcends or passes beyond the bounds of legal right. Texas courts have observed that the gist of a trespass is the doing of an unlawful act in an unlawful manner, to the injury to the person or property of another. The term "trespass" is also applied to an act which results in injury to or destruction of personalty and to an act which consists in an entry upon or injury to real estate. 41–A, Tex.Jur., Trespass, Sec. 2, p. 464–5.

Sections 8, 9 and 10, Trespass, 41–A Tex.Jur., p. 471–2, read as follows:

"§ 8.—The commission of a trespass necessarily involves an actor an injury or damage done by him to the person or property of another resulting from his action. To constitute a trespass, the injury must result from an affirmative act of the person committing the same. The trespass is the misfeasance or wrongful act, and the injury is the result of the trespass rather than a part of it.

"§ 9. Intent.—Regardless of the motive which prompted the act of the defendant, liability is incurred. Thus his liability for actual damages which have resulted from his conduct is not affected by an honest belief that he was the owner of the property.

"§ 10. Negligence.—Where actual or material injury or damage has resulted from a trespass, the trespasser is held to be liable without reference to 'negligence' or the exercise of 'care'; a recovery may not be defeated on the ground that the harm done was not a foreseeable consequence of the defendant's conduct. An issue as to 'negligence' on his part should not be submitted to the jury, the only question to be resolved being the amount of the plaintiff's loss or damage. *Thus, where it appears that the defendant entered a house of the plaintiff and lighted therein a fire without the plaintiff's consent, with the result that the building was destroyed, a right of recovery exists by reason of the defendant's act of trespass; and the decision of the case involves no question as to negligence in the lighting or management of the fire."* [1] (Emphasis added.)

The Supreme Court of Texas in Mountain States Tel. & Tel. Co. v. Vowell Construction Co., 161 Tex. 432, 341 S.W.2d 148, held that the cutting by a street paving contractor of a telephone cable lawfully in place beneath the surface of the ground was a violation of a property right which gave rise to a cause of action for trespass regardless of negligence. We quote from the Supreme Court's opinion in said case in part as follows:

" * * * we think a recovery upon the theory of trespass is clearly supported by the record, and we need not further mention the negligence theory other than to say that as we understand the telephone company's theory of liability it is that Vowell by reason of having severed the cable which was lawfully in the street, became liable in damages regardless of whether such severing was the result of a negligent act or not. The Court of Civil Appeals on the other hand seems to have taken the position that for the severing act to constitute a trespass Vowell must have actually intended to cut the cable. * *

" 'The gist of trespass to personalty is an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force.

1. Among the cases cited in support of the underlined portion of Section 10, supra, are Wetzel v. Satterwhite, 59 Tex.Civ. App. 1, 125 S.W. 93, and Badu v. Satterwhite, Tex.Civ.App., 125 S.W. 929.

" 'Destruction of, or injury to, personal property, regardless of negligence, may be a trespass.' 87 C.J.S. Trespass §§ 8, 9, p. 962. See, Carter v. Haynes, Tex.Civ.App., 1925, 269 S.W. 216, loc. cit. 219.

"Here, the scraper was deliberately and intentionally used in making a cut to the designated subgrade. The telephone cable was lawfully in place. The molesting or severing of the cable was a violation of a property right which gave rise to a cause of action regardless of negligence. Champion v. Vincent, 20 Tex. 811; McDaniel Bros. v. Wilson, Tex.Civ.App., 70 S.W.2d 618, writ refused; Shell Petroleum Corporation v. Liberty Gravel & Sand Company, Tex.Civ.App., 128 S.W. 2d 471, no writ hist.; Whitehead v. Zeiller, Tex.Civ.App., 265 S.W.2d 689; Illinois Bell Telephone Co. v. Charles Ind. Co., 3 Ill.App.2d 258, 121 N.E.2d 600; New York Steam Co. v. Foundation Co., 195 N.Y. 43, 87 N.E. 765, 21 L.R.A.,N.S., 470. The particular appellation or classification to be given the particular act is not of controlling effect. The important thing is that a property right was violated. * * *."

■ Where one has the status of a licensee or invitee and exceeds the limits of authority provided by the license or invitation, he becomes a trespasser. Burton Construction & Shipbuilding Co. v. Broussard, 154 Tex. 50, 273 S.W.2d 598.

■ A conditional or restricted consent to enter land creates a privilege to do so only insofar as the condition or restriction is complied with. Restatement of the Law, Torts, Sec. 168, p. 407. Illustration 7 under said section 168, p. 409, reads as follows:

"A grants to B, a contractor, a license to store his trucks in A's barn. B not only stores his trucks in A's barn, but also makes extensive repairs on such trucks while they are in the barn. *While using an acetylene torch in repairing a truck, B sets fire to and burns down the barn. B is a trespasser.*" (Emphasis added.)

■ We hold that the record is conclusive that the minor appellants unquestionably became trespassers as a matter of law when they ignited the fire in the charcoal grill in appellee's garage.

■ In Texas, as a general rule, minors are civilly liable for their own torts. Chandler v. Deaton, 37 Tex. 406; Heidingsfelder v. Rodgers, Tex.Civ.App., 96 S.W. 2d 147; 23 Tex.Jur. 749, Sec. 55.

In 27 Am.Jur., Infants, Sec. 90, p. 812–3, it is stated in part as follows:

" * * * It is frequently stated that an infant is liable for his torts generally where there is no basis in any contract relation, or that an infant is liable for his torts which are not connected with and do not arise out of contracts. Infancy, being in law a shield and not a sword, cannot be pleaded to avoid liability for frauds, *trespasses,* or torts * * *" (emphasis added).

In 67 A.L.R.2d p. 572–3 it is stated in part as follows:

"Accordingly, where the only intention necessary to the commission of the tort is to perform the physical act in question, as in trespass to property or person, it seems settled that even an infant of quite tender years may be held liable.

\*   \*   \*   \*   \*   \*

"§ 3. Torts in the nature of trespass. There are certain torts, based on a direct application of force to the plaintiff's person or property, as to which liability may be imposed on a showing that defendant intentionally activated the force in question, without any necessity of showing that he intended harm, and the courts appear to

be agreed that in so far as a young child can form the intention to do the physical act releasing the harmful force he can be held liable.

\* \* \* \* \* \*

"Stating, arguendo, that an infant under 7 years of age was incapable of the malicious intention necessary to commit the tort of libel, the court in Munden v. Harris (1911) 153 Mo.App. 652, 134 S.W. 1076, said that this view was not inconsistent with the conclusion that a child of even tender years might commit a trespass and be civilly liable for damages, since doli capax cut no figure in that instance, as a trespass does not necessarily imply malice or evil intention.

"An infant a little more than 6 years old was held in Huchting v. Engel (1863) 17 Wis. 230, 84 Am.Dec. 741, properly found guilty on a charge of trespass in entering plaintiff's premises and breaking down shrubbery, the court distinguishing the question of criminal liability and of liability for contributory negligence, and saying that no finding of intention was necessary under the circumstances.

\* \* \* \* \* \*

"The case of O'Brien v. McNamee (1953) IR.R. 86, as stated in the Eng. and Emp.Dig.1958, 3d Cum.Supp., Infants, p. 76, held liable a 7-year-old defendant who carried a lighted paper into plaintiff's hay shed and caused a fire, no question of malicious intention arising and a showing of malice not being necessary to establish liability. \* \* \*"

■ The acts of the minor defendants in bringing matches onto the premises of appellee and igniting the fire in the charcoal burner in appellee's garage were all voluntary and purposeful and were acts which they even at their tender years had sufficient capacity to do, as evidenced by the fact that they did do such acts. Undoubtedly they did not intend for the fire to escape from the grill and spread to the curtain canvas and burn and damage the garage, house and contents thereof. However their acts of igniting an unauthorized fire on appellee's premises made them trespassers, and they must be held civilly liable for the consequences which directly flowed from their unauthorized acts of igniting the fire in question.

We hold that under the record there were no unresolved material fact issues raised by the record, and that the trial court correctly granted plaintiffs' amended motion for summary judgment and thereafter correctly entered judgment for appellee in the amount stipulated as damages with certain stated interest thereon.

The judgment of the trial court is affirmed.

CHADICK, J., concurs.

DAVIS, Justice.

I dissent. This is a suit against two minors; seven and eight years of age. The transcript does not contain any evidence of any service of citation upon either of them. The minors must be served with citations. A notice for the request for admissions was served on the Guardian Ad Litems. The service of such process on the minors is a necessity. 30 Tex.Jur. (2) 732, Sec. 69. 43 C.J.S. Infants § 115, p. 313.

An attorney can represent the minors, but he can not waive nor admit away any substantial rights of the minors. 43 C.J.S. Infants § 114b, p. 312. All facts must be proved. There can be no admissions of fact, as a matter of law, against a minor under nine years of age. 30 Tex.Jur. (2) 664, Sec. 3; Hatton v. Bodan Lumber Co., 57 Tex.Civ.App. 478, 123 S.W. 163, err. ref.; Austin et al. v. Collins et ux., Tex. Civ.App., 200 S.W.2d 666, er. ref., N.R.E.; 30 Tex.Jur. (2) 703–4, Secs. 49 and 50.

There is a question of fact as to the consent of the appellee in permitting the

minors to play upon his premises. The appellee testified, by deposition, that the two minors had played in his garage before, and were welcome to do so. The attorneys for the two minors stipulated that they had *not* played in the garage before. The attorneys had no authority to make such stipulation of fact. The fact had to be proved by evidence before the court. 43 C.J.S. Infants § 114b, p. 312.

I would reverse the summary judgment.