# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00498-CV

---

**Paula Chavez; Daniel Fagan; and April Chavez, Individually and as next friend of D. C., a minor, M. G., a minor, and S. C., a minor; and Tommy Chavez, Appellants**

**v.**

**Silverleaf Resorts, LLC, formerly Silverleaf Resorts, Inc; and Holiday Inn Club Vacation Incorporated, formerly Orange Lake Country Club, Inc., Appellees**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. C2018-0902B, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Paula Chavez; Daniel Fagan; and April Chavez, Individually and as next friend of D.C., a minor, M.G., a minor, and S.C., a minor; and Tommy Chavez (collectively, "the Chavezes") filed suit against Silverleaf Resorts, LLC, formerly Silverleaf Resorts, Inc; and Holiday Inn Club Vacation Incorporated, formerly Orange Lake Country Club, Inc. (collectively, "Silverleaf") alleging a cause of action for premises liability.  Silverleaf filed a motion for summary judgment, which the trial court granted.  The Chavezes appeal, arguing that the trial court erred in determining that they were trespassers as a matter of law and, consequently, Silverleaf owed them no duty.  Because Silverleaf failed to establish as a matter of law that the Chavezes were trespassers, we will reverse and remand.

# BACKGROUND

After suffering injuries from a fall caused by the collapse of a deck and stairway at the Hill Country Resort (the Resort), the Chavezes sued Silverleaf alleging a cause of action for premises liability. The Chavezes alleged that they were invitees at a hillside cabin owned and managed by Silverleaf and that, while they were on the stairs and deck of the cabin, "the deck and stairway suddenly and without warning collapsed," causing their injuries. Silverleaf filed an answer asserting that the Chavezes were not invitees but were trespassers or, alternatively, licensees, and that Silverleaf did not have actual or constructive knowledge of the allegedly dangerous condition of the deck and stairway.

Silverleaf filed a traditional motion for summary judgment in which it asserted that, as a matter of law, the Chavezes were trespassers at the property and, consequently, Silverleaf had no duty to warn the Chavezes of any defect on the property or to cure it. With its summary-judgment motion, Silverleaf submitted evidence that the Chavezes were family members of Pablo Chavez and Amanda Chavez (collectively, "the Timeshare Owners"), individuals who had purchased a timeshare at the Resort in November 2005. As part of timeshare purchase, the Timeshare Owners received access to the Resort and other participating resorts for additional stays pursuant to the terms of a "Bonus Time Program." Contemporaneously with their timeshare purchase, the Timeshare Owners signed a document titled "Bonus Time Disclosure Statement Rules and Regulations Governing the Bonus Time Program" (the Bonus Time Program Rules). The Bonus Time Program Rules provide, in part, the following:

> 2. The Bonus Time Program allows you accommodations at certain Silverleaf Resorts Sunday through Thursday at no present additional cost to you and Friday

through Saturday at a present cost of $0.00 per night. Owner's dependent children living at home and under the age of 21 may use the Resort with the Owner. Only the two primary owners as named on the contract will be allowed to make reservations or check into the Resort. Sorry, no exceptions will be made to this condition.

. . . .

15. Day usage of amenities, subject to regular fees and deposits, will be available at all Silverleaf owned resorts. Usage is limited to ten (10) people per day per Unit Week owned. Amenity usage may be limited during peak seasons.

Silverleaf submitted evidence that Pablo Chavez made a reservation for a "single unit stay" at the Resort from August 5, 2016, to August 11, 2016, under the Bonus Time Program. The Timeshare Owners drove to the Resort, and Amanda Chavez checked in and obtained a Resort access card. After checking in, the Timeshare Owners and their adult daughter, appellant Paula Chavez, drove to the Resort unit assigned to the Timeshare Owners. The Timeshare Owners then left the Resort, spending the nights of August 5 and August 6 at a different location. The next day, the Timeshare Owners' other adult daughters, appellant April Chavez and Cindy Chavez, along with their families, drove to the resort.

In its motion for summary judgment, Silverleaf asserted that "none of [the Chavezes] were authorized to be on [the Resort] property or in the unit when the incident in question occurred." Silverleaf argued that the summary judgment evidence established that the Timeshare Owners "made the reservation and gained access to the unit by personally appearing at the resort registration office to check in to a unit that they were not going to use as required under the Bonus Time Program." Silverleaf further argued that the Chavezes did not have "the permission of the resort to stay in the unit that they had improperly gained access to through [the Timeshare Owners]." According to Silverleaf, the summary-judgment evidence established that the Chavezes were trespassers on the Resort to whom Silverleaf owned no duty other than

3

to not injure them willfully and wantonly or through gross negligence. Absent such evidence, Silverleaf argued, it was entitled to summary judgment on the Chavezes' premises liability claim.

After a hearing, the trial court granted Silverleaf's traditional motion for summary judgment. The Chavezes filed a motion for new trial, which the trial court denied. After filing a motion for reconsideration, which was also denied, the Chavezes perfected this appeal. In two issues, the Chavezes assert that the trial court erred by (1) determining that they were trespassers at the Resort and granting Silverleaf's motion for summary judgment on that ground and (2) denying their motion for new trial.

## DISCUSSION

We review the trial court's summary judgment de novo, taking as true all evidence favorable to the nonmovant and indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A traditional motion for summary judgment is properly granted when the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). "A defendant who conclusively negates at least one of the elements of the plaintiff's cause of action is entitled to summary judgment." *Little v. Texas Dep't of Crim. Justice*, 148 S.W.3d 374, 381 (Tex. 2004). In reviewing the record, we view the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).

4

"A claim against a property owner for injury caused by a condition of real property generally sounds in premises liability." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 642 (Tex. 2016). When the claim is based on the property owner's negligence, the threshold question is whether the owner owed a duty to the injured person. *See Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 794 (Tex. 2008). The duties owed by a landowner in a premises liability case "depend upon the role of the person injured on his premises." *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 535 (Tex. 1975). When the injured person qualifies as an invitee, as the Chavezes claim they do, then as a general rule the landowner owes a "duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not."[1] *Austin v. Kroger, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). In contrast, the only duty a premises owner owes a trespasser is not to injure him willfully, wantonly, or through gross negligence. *Texas Utils. Elec. Co. v. Timmons*, 947 S.W.2d 191, 193 (Tex. 1997) (citing *Burton Constr. & Shipbuilding Co. v. Broussard*, 273 S.W.2d 598, 603 (1954)).

In the present case, Silverleaf sought to conclusively negate the duty element of the Chavezes' premises liability claim by establishing that the Chavezes were trespassers to whom Silverleaf had no duty to warn or protect from defects or conditions of the Resort. *See City of Waco v. Kirwan*, 298 S.W.3d 618, 623 (Tex. 2009) (landowner has no duty to warn or protect trespassers from obvious defect or conditions); *City of Lubbock v. Rule*, 68 S.W.3d 853, 859 (Tex. App.—Amarillo 2002, no pet.) (trespasser must take premises as he finds it, and if he is injured by unexpected dangers, the loss is his own); *cf. United Scaffolding, Inc. v. Levine*,

---

[1] There is no dispute that the Timeshare Owners had complied with the requirements that they make the reservation and that one of them check in at the Resort, making them invitees at the Property.

537 S.W.3d 463, 471 (Tex. 2017) (landowner's duty to invitee is to "use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premise condition which the owner . . . knows about or in the existence of ordinary care should know about"). A trespasser is one who enters upon the property of another without any right, lawful authority, or express or implied invitation, permission, or license, not in the performance of any duty to the owner, but merely for his own purposes, pleasure, or convenience. *See Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.). In their motion for summary judgment, Silverleaf argued that, despite being invited to the Resort by the Timeshare Owners, the Chavezes were trespassers because the Bonus Time Program Rules "limited unit access to timeshare owners themselves, and their children under the age of twenty-one (21) who live with them." Silverleaf also asserted that the Timeshare Owners were not authorized to give access to the Resort at times when they were "not using the accommodations themselves."

Determining whether the Timeshare Owners were in violation of the Bonus Time Program Rules such that, as Silverleaf asserts, their invitation to the Chavezes was unauthorized requires us to construe the provisions of the Bonus Time Program Rules submitted by Silverleaf as summary judgment evidence. The parties agree that the terms of the Bonus Time Program Rules control and determine the Timeshare Owners' rights with regard to inviting others to the Resort during periods in which they are exercising their right to additional stays under the Bonus Time Program. Neither party contends that the Bonus Time Program Rules are ambiguous; rather, they differ in their interpretation of whether the Bonus Time Program Rules (1) prohibit the Timeshare Owners from inviting others to the Resort and, correlatively, (2) whether individuals invited to the Resort by the Timeshare Owners were authorized to remain at the Resort during periods when the Timeshare Owners were absent. *See Dynegy Midstream Servs.,*

6

*Ltd. P'ship v. Apache Corp.*, 294 S.W.3d 164, 168 (Tex. 2009) ("A contract is not ambiguous simply because the parties disagree over its meaning.").

"In construing a contract, a court must ascertain the true intentions of the parties as expressed in the writing itself." *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011). Whether a contract is ambiguous is itself a legal question for the court. *See Dynegy*, 294 S.W.3d at 168. When, as here, "a written contract is so worded that it can be given a definite or certain legal meaning, then it is not ambiguous." *National Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995) (per curiam). "When discerning the contracting parties' intent, courts must examine the entire agreement and give effect to each provision so that none is rendered meaningless." *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011). "We give contract terms their plain and ordinary meaning unless the instrument indicates the parties intended a different meaning." *Dynegy*, 294 S.W.3d at 168. "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." *Tawes*, 340 S.W.3d at 425 (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)).

Applying these rules of interpretation, we disagree that the Bonus Time Program Rules prohibit the Timeshare Owners from inviting the Chavezes to the Resort. Nothing in the plain language of the rules places any such restriction on the Timeshare Owners. While Silverleaf points to language in paragraph 2 stating that: "Owner's dependent children living at home and under the age of 21 may use the Resort with the Owner," this provision in no way limits the Timeshare Owners' right to extend invitations to others. Significantly, paragraph 15 of the Bonus Time Rules clearly contemplates that the Timeshare Owners can invite others to the Resort by including a provision permitting "day usage of amenities" for up to ten people.

7

Silverleaf has pointed to nothing in the Bonus Time Program Rules that prohibits the Timeshare Owners from inviting guests to the Resort during their periods of possession pursuant to the Bonus Time Program.

Similarly, we find nothing in the Bonus Time Program Rules that requires the Timeshare Owners to be present at the Resort for people they have invited to the Resort to maintain their status as invitees. *See Burton*, 273 S.W.2d at 603 (when person who is on property as invitee "uses the property on a venture . . . not within the scope of his invitation or purpose for which the property was reasonably intended, he loses his status as an invitee" and becomes trespasser). Moreover, Silverleaf presented no evidence that the Chavezes were using the Resort outside of the scope of the Timeshare Owners' invitation when they were on the deck and stairway at the time it collapsed.

## CONCLUSION

The absence of a duty to the Chavezes other than to not injure them willfully, wantonly, or through gross negligence, based on the assertion that the Chavezes were trespassers, was the only stated basis for Silverleaf's motion for summary judgment. Because Silverleaf failed to establish that the Chavezes were trespassers at the Resort, the trial court's determination that Silverleaf had conclusively negated the duty element of the Chavezes' premises liability claim was error. We therefore reverse the trial court's summary judgment order and remand the cause to the trial court for further proceedings.[2]

---

[2] Because of our disposition of the Chavezes first appellate issue, we need not address their second issue challenging the trial court's denial of their motion for new trial. *See* Tex. R. App. P. 47.1.

_____

Chari L. Kelly, Justice

Before Justices Baker, Kelly, and Smith

 Reversed and Remanded

Filed:   April 3, 2024