**VISTA PETROLEUM CO., Appellant,**

v.

**Bonnie WORKMAN et al., Appellees.**

**No. 5468.**

Court of Civil Appeals of Texas, Eastland.

April 24, 1980.

Rehearing Denied May 22, 1980.

Charles Tighe, Cotton, Bledsoe, Tighe, Morrow & Dawson, Midland, for appellant.

R. Temple Dickson, Moore, Dickson, Roberts & Hall, Inc., Sweetwater, Carl M. Anderson, County Atty., Sweetwater, for appellees.

DICKENSON, Justice.

The principal question in this venue appeal is whether the evidence is legally sufficient to establish a cause of action under the "attractive nuisance" doctrine.

Bonnie Workman sued for herself and as next friend of her minor son, Jackie Workman, contending that Vista Petroleum Co. was legally responsible for injuries which resulted when the boy's leg was injured by an oil well pump on a farm in Knox County. Vista filed a plea of privilege, seeking to transfer the case to Taylor County. The boy and his mother filed their controverting plea, seeking to maintain venue in Knox County under subdivision 9a of Tex.Rev. Civ.Stat.Ann. art. 1995 (Vernon Supp.1980). Following a nonjury hearing, the plea of privilege was overruled. Vista appeals. We reverse and render.

Bonnie Workman testified that she was working for Roy Day on his farm in Knox County and that children came to the farm from time to time. On June 7, 1978, she was plowing, and Jackie was chopping weeds. They got their drinking water from an irrigation well. Jackie took a plastic jug to get some water. When he came back, she could see that blood was squirting from his leg, and she asked him what happened. Jackie said: "I stopped by to see what made the well pump, and I got my leg caught in it, Mama." She put a tourniquet on his leg and carried him to the hospital. Bonnie agreed on cross-examination that the pump was a small one and that Mr. Day's farm was in a rural area, about seven miles from the nearest town. The farmhouse was about three-quarters of a mile from the pump where Jackie was hurt, and the nearest paved road was about two miles.

Jackie Workman testified that he heard the noise of the oil well pump. He went over to watch it work, and it caught his shoe string. He admitted that he knew that he "shouldn't get too close" and that he was trying to be careful. Jackie said that he was "a little past 12" when he hurt his leg. He did not play on the pump, but was watching how it worked. He said that he knew there would be some danger if he got too close.

■ To maintain venue under subdivision 9a, supra, the injured boy and his mother are required to establish by a preponderance of the evidence that an act or omission of negligence by Vista occurred in Knox County. See 1 McDonald, Texas Civil Practice § 4.17.2 (rev. 1965). To establish tort liability the plaintiffs must prove that the defendant owed a legal duty to them. *Abalos v. Oil Development Company of Texas*, 544 S.W.2d 627 (Tex.1976).

The injured boy and his mother argue that they proved a cause of action against Vista under the doctrine of attractive nuisance. They cite *Banker v. McLaughlin*, 208 S.W.2d 843 (Tex.1948); *Massie v. Copeland*, 149 Tex. 319, 233 S.W.2d 449 (Tex. 1950); and *Eaton v. R. B. George Investments, Inc.*, 152 Tex. 523, 260 S.W.2d 587 (Tex.1953).

In *Banker v. McLaughlin, supra*, a recovery was permitted under the attractive nuisance doctrine where a small boy drowned in a pool of water on a subdivision which was open to the public. The Supreme Court found the following facts to be determinative:

(a) the place where the condition was maintained was one upon which the *possessor knew or should have known that small children would likely frequent the place and play about it* ; (emphasis added)

(b) the condition was one of which the possessor knew or should have known involved an unreasonable risk of death or serious bodily harm to such children;

(c) the child, because of its tender years, did not realize the risk involved . . . .; and

(d) the utility . . . was slight as compared to the probability of injury resulting therefrom.

The court went on to say that this doctrine "should be applied with caution" and "only when the controlling facts bring the case well within such rules and principles."

In *Massie v. Copeland*, supra, no recovery was permitted where a 14-year old boy drowned while swimming in a muddy pond. The Supreme Court discussed the four conditions which must be satisfied to make a case of liability under the doctrine, quoting them from *Banker v. McLaughlin*, supra, as we have done. The Supreme Court then stated at page 454:

(T)his question is usually regarded in attractive nuisance cases as a question of law for the court's decision. . . . This is a part of the court's decision that the property owner or possessor owes or does not owe a duty to the child. Professor Leon Green, in an article entitled "Landowners' Responsibility to Children," after discussing *Banker v. McLaughlin*, says: "Every subsequent case will have to run the gauntlet of a court, *first of the judge who must find in the facts a duty to the particular child or parent, plus enough evidence to raise an issue of its violation* ; and second, of a jury who, after considering all the facts and circumstances of the case and what a prudent man should have anticipated as a probable result of the defendant's conduct in the particular case, must find that the defendant violated his duty." (Emphasis added) 27 Texas Law Review, pp. 1, 12.

In *Eaton v. R. B. George Investments, Inc.*, supra, a 3-year old child drowned in a cattle dipping vat which was near the living quarters of the child's family. The Supreme Court discussed the rule adopted in *Banker v. McLaughlin*, supra, and then stated at page 592:

A landowner owes no duty to a child in this type of case unless the child's presence at or on the structure is or reasonably should be foreseen and anticipated.

See also Restatement of the Law, Torts (Second) § 339 (American Law Institute 1965); Annotation, "Oil and Gas Tanks, Pipes and Pipelines, and Apparatus and Accessories Thereof as Constituting Attractive Nuisance," 23 A.L.R.2d 1157 (1952); Annotation, "Age and Mentality of Child as Affecting Application of Attractive Nuisance Doctrine," 16 A.L.R.3d 25 (1967).

■ There is no evidence in the record before us that Vista Petroleum Co. knew that children would likely be in the area where its pump was located, and there is no evidence to justify an inference that it should have known that children would likely come to the area where the pump was located. There is no proof that Vista Petroleum Co. knew, or should have known, that its pump involved an unreasonable risk of injury to children or that the utility of the pump was slight as compared to the probability of injury. We hold that the evidence is not legally sufficient to establish a cause of action under the doctrine of attractive nuisance. Appellant's points of error are sustained.

The trial court's order is reversed and we render judgment sustaining the plea of privilege and transferring this case to one of the District Courts of Taylor County, Texas.