BURK ROYALTY COMPANY, Appellant,

v.

Linda PACE, Individually and as next
friend for Keith Pace, a
minor, Appellees.

No. 1435.

Court of Civil Appeals of Texas,
Tyler.

Aug. 13, 1981.

Rehearing Denied Sept. 11, 1981.

T. John Ward, Sharp, Ward, Ross, McDaniel & Starr, Longview, for appellant.

Terry Bailey, Carthage, for appellees.

## OPINION

SUMMERS, Chief Justice.

This is a venue case. Appellee Linda Pace sued Burk Royalty Company both individually and as next friend for her minor son, Keith Pace seeking to recover damages for personal injuries sustained by Keith while playing on a pumping unit operated by Burk in Panola County. In her original petition, Mrs. Pace seeks recovery from Burk based upon negligence under the "attractive nuisance" doctrine. Burk filed a plea of privilege to be sued in Wichita County which was duly controverted on the grounds that exceptions to exclusive venue existed by virtue of subdivisions 9a & 23 of Tex.Rev.Civ.Stat.Ann. Art. 1995 (Vernon Supp. 1980). Following a venue hearing, the trial court ruled that venue was proper in Panola County and overruled Burk's plea of privilege. From this order Burk appeals. We affirm.

Burk seeks reversal of the trial court's ruling on two points of error contending that there was no evidence, or alternatively, insufficient evidence to support the court's finding that a cause of action under the "attractive nuisance" doctrine had been established by Mrs. Pace.

Initially, we note that this case is before us without findings of fact or conclusions of law and none were requested, although we do have a statement of facts from the venue hearing. In such an instance, it is presumed on appeal that all fact issues which the pleadings and evidence will support were resolved in favor of the court's order. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977); *Loomis v. Sharp*, 519 S.W.2d 955, 957 (Tex.Civ.App.—Texarkana 1975, writ dism'd); *Josey-Miller Company v. Sheppard*, 357 S.W.2d 488, 489 (Tex.Civ.App.—Beaumont, no writ). *See also*, 4 R. McDonald, *Texas Civil Practice* § 16.10 n. 81, 88 (1971) and authorities there collected. On appeal from the overruling of

a plea of privilege, every reasonable intendment must be indulged in favor of the court's judgment. *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319, 323 (1959). In reviewing the record before us to determine whether the evidence supports the judgment and the implied findings of fact incident thereto "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in nature." *Renfro Drug Company v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1951).

On October 29, 1978, the minor plaintiff, Keith Pace was visiting at the home of a 10 year old classmate, Chester Gilard. Chester's family was living in a mobile home which was located approximately one mile from DeBerry, Texas. At that time, the Gilards had been living there for about two years. To the north and west of the Gilard home was located a producing oil well known as the Cruisa Moore No. 3 Well owned and operated by Burk Royalty Company. Keith, then 9 years old, and his friend Chester had been playing up the road a good distance from the Gilard home around other well sites. Keith testified that Chester had climbed onto the pumping units on other wells and ridden the pitman arm as if it were a horse. Keith had never been on a well site prior to the day that he was injured. Chester also climbed onto the Cruisa Moore # 3 unit and began riding it, and after watching Chester ride, Keith "naturally . . . got on it too." While riding the pitman arm, Keith slipped and caught his foot between the arm and the crank which drives the arm, sustaining a severe and crushing injury to his right foot.

Leading from the Gilard home there was a worn path, three to four feet in width, which extended onto the well site. This path was in existence prior to the time that the Gilards moved onto the property. Both the well site and the Gilard home were located approximately one-quarter mile east of U.S. Highway 79. A road led from this highway past the Gilard home and a well service road led from the highway to the

well site. There were no natural or artificial barriers between the Gilard home and the well which was visible from the road running in front of the Gilard's mobile home. Across this road were located two other mobile homes and a new home was located approximately one-quarter mile up the road near the highway. Five to seven homes are located in the vicinity of the Cruisa Moore # 3. Four of the homes were within 300 yards of the well.

In the Gilard home there lived three minor children. There is testimony in the record that eight or nine children live in the vicinity of the well within walking distance.

The well site is located within 100 yards of the Gilard home and is clearly visible both from the roadway leading to their property and from their property alike. The pumping unit on which Keith was injured was not fenced nor were there barricades or warning signs on the site. The motor and belts on the unit were enclosed but the drive on the gear box and cables were not.

Mr. Bertis Seegers, who had been in the oil field business for twenty-five years working on pipelines, setting up pumping units and setting up compressors, testified that from his experience in the oil industry it is common for injuries to occur on these type wells; that a large number of people had been killed on pumping units. Mr. Seegers described the inherent danger of this particular pumping unit as follows:

Well, some kid or adult or anybody could crawl up on this thing and it has got cables running on this head here with approximately, . . . fifteen or twenty thousand pounds on these cables . . . and when it is down your cables are exposed and if you get a finger or a hand, or a foot or anything under those when the hoist comes up it will cut them off, whatever is under it, and then you have got a hazard here with your . . . Well, it is the gearbox that pulls your horsehead or your pumping unit, whatever you want to call it. It is in continuous motion and if something would get between the shaft on it well it would either mash it or cut if off.

Mr. Seegers also testified that pumping units are naturally attractive to children and it is common for children to play on them. Mrs. Gilard's testimony concurred in this respect:

Q: [I]n the past have you had difficulty with children playing on oil wells?

A: Children are always going over there.

Q: Had children trespassed or gone on the property before?

A: Yes, sir.

Q: Few or many times?

A: All the time.

■ In order to maintain venue in a county other than that of the defendant's residence under § 9a a plaintiff must plead and prove by a preponderance of the evidence that (1) an act or omission of negligence occurred in the county where the suit was filed; (2) the act or omission was that of the tort-feasor and (3) that such negligence was the proximate cause of the plaintiff's injury. Under § 23 the plaintiff may bring suit where the cause of action or part thereof arose. It is thus incumbent upon Mrs. Pace to establish a negligence cause of action under the "attractive nuisance" doctrine in order to maintain venue in Panola County under either section.

Texas has adopted the Restatement of Torts approach to attractive nuisance as found in § 339. In *Banker v. McLaughlin*, 146 Tex. 434, 208 S.W.2d 843, 847 (1948) the supreme court allowed recovery where a small boy had drowned in a pool of water located on the landowner's property which was open to the public. Therein the court applied the following test:

(a) the place where the condition was maintained was one upon which the *possessor knew or should have known that small children would likely frequent the place and play about it*; (emphasis added)

(b) the condition was one of which the possessor knew or should have known involved an unreasonable risk of death or serious bodily harm to such children;

(c) the child, because of its tender years, did not realize the risk involved . . .; and

(d) the utility of eliminating the danger was slight as compared to the probability of injury resulting therefrom.

Appellant contends that Mrs. Pace failed to establish elements (a) and (d) above and thus has not made out a cause of action under attractive nuisance. We do not agree.

■■■ The trial court impliedly found in support of the judgment that the possessor knew or should have known that small children would likely frequent the place and play about it. We believe that this finding is supported by the evidence. Restatement of the Law, Torts (Second) § 339, Comment g (1965) explains that such knowledge is to be imputed to the landowner when from surrounding facts and circumstances he has information such that a person of reasonable intelligence would infer that children would likely frequent the place. In reviewing the evidence we believe that the trial judge was justified in impliedly finding such knowledge on Burk's part.

It is now a time-honored precept in our jurisprudence that attraction or allurement is no longer an essential element of the doctrine except insofar as foreseeability is concerned. If the dangerous condition is in fact an attraction to children, that factor is only important "insofar as it may mean the presence of children is to be anticipated. . . ." *Kelley v. Brazos Valley Cotton Oil Mill, Inc.*, 355 S.W.2d 739, 741 (Tex.Civ. App.—Waco 1962, no writ). Our supreme court recognized this concept in *Banker, supra* at 849 where it stated:

It is of course immaterial also whether the dangerous condition be in close proximity to a path or highway, as is held in some cases, *since that fact merely bears on whether the presence there of members of the public is reasonably to be anticipated.* Whether the dangerous condition is an "attractive nuisance" is also merely a circumstance bearing on the same question. It is manifest from the above holding that whether the facts bring the case within the rule respecting pitfalls and dangerous conditions are adjacent to highways or by-paths, is not determinative as a matter of law of the question of implied invitation, or the owner's liability, *but* may be such (as in the present case) to raise and support special issues on the subject. (Emphasis added.)

Thus, the fact that the scene of the injury was in close proximity to and visible from the road running in front of the Gilard home and the path leading from the home are factors which the trial judge apparently took into account in determining whether the first element of the doctrine existed. *Eaton v. R. B. George Investments*, 152 Tex. 523, 260 S.W.2d 587, 590 (1953). The court also most likely took into account Mr. Seegers' testimony that pumping units are naturally attractive to children, the fact that a number of children lived in the area and the location of the well (a scant one mile from town, near a major highway and close to a road upon which several homes were located).

Appellant argues that there is no evidence in the record that other *small* children reside in the area in that their ages are not given and therefore the first element is not met. In this context we note that § 339 was revised in 1965 and that limitation was eliminated. While our supreme court has not passed upon this particular aspect of the doctrine, we believe that its elimination is merited since "the age of the child is important only as it bears on whether it does and can be expected to realize the risk." Restatement of the Law, Torts (Second) § 339 n. 1 (Appendix 1966). Keith testified that he did not appreciate the danger of the pumping unit and the court was justified in impliedly finding that this nine year old child could not comprehend the danger involved.

■■■ As for the fourth element, utility of eliminating the danger as compared to the probability of injury, we believe that the trial judge was justified in finding in the plaintiffs' favor in this respect. It would have been a simple if not expedient and

inexpensive remedy to have erected a fence or other similar device around the pump as Mr. Seegers testified. While not a guarantee against injury, such precaution would at least have been a deterrent.

Appellant strenuously argues that *Vista Petroleum Co. v. Workman*, 598 S.W.2d 721 (Tex.Civ.App.—Eastland 1980, writ dism'd) controls our decision in this case. We are not in accord. That case is factually distinguishable. Here there is ample evidence to support the trial court's implied findings that the elements of an attractive nuisance were satisfied. The Eastland Court merely held that the evidence before the court did not warrant a finding that Vista Petroleum Co. knew or should have known that children would likely be in the area where the pump was located. In *Vista*, a twelve (12) year old child was injured while he was looking at an oil well pump that he admittedly knew was dangerous. The court emphasized that the pump in question was situated in a rural area approximately seven (7) miles from the nearest town, and was three-quarters of a mile from the nearest farm house, and also was over two (2) miles to the nearest paved road. On the basis of such evidence, there was no doubt that the Eastland Court had little choice but to sustain the Plea of Privilege based upon the facts before it.

Accordingly, the order of the trial court is affirmed.