**Hasan AMARA, Individually and a/n/f of Laila A. Amara, and Margaret Ann Amara, Appellants,**

**v.**

**Tommy LAIN, Individually and d/b/a T. Lain Drywall Company and Dunwoody Homes, Inc., Appellees.**

**No. 2–85–253–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 31, 1986.

Rehearing Denied March 25, 1987.

Sheehan, Young, Smith & Culp, Daniel J. Sheehan, Jr., Dallas, for appellants.

Camp, Jones, Johnson, O'Neill & Hall, H. Harman Camp, Fort Worth, Hill, Heard, O'Neal, Gilstrap & Goetz, Phil Brown and Shane Goetz, Arlington, for appellees.

Before BURDOCK, HOPKINS and FARRIS, JJ.

## OPINION

HOPKINS, Justice.

Hasan and Margaret Amara brought suit individually and as next friend for their daughter, Laila, for injuries sustained when Laila and her brother, Nabil, pulled a stack of sheetrock over onto Laila when the children were playing in a partially constructed homesite. Defendants Tommy Lain, individually and doing business as T. Lain Drywall Company, and Dunwoody Homes, Inc., moved for and were granted summary judgment.

The judgment is affirmed in part and reversed and remanded in part.

During the late afternoon of Friday, April 1, 1983, employees of T. Lain Drywall Company delivered a load of drywall panels to a homesite being constructed by Dunwoody Homes, Inc. Lain Drywall operated as an independent contractor, delivering and installing drywall panels, commonly known as sheetrock, in homes under construction. The sheetrock in question apparently came in 4' × 12' sheets, each of which weighed approximately ninety pounds and was stored by leaning it up against the wall of the room where it was to be installed on the following Monday morning.

During the intervening Easter Sunday afternoon, eleven year old Laila Amara and her thirteen year old brother Nabil entered the construction site. While inside the house, the two pulled a stack of sixteen sheets of sheetrock away from a wall to see what was behind the sheetrock. The stack fell on Laila who suffered severe injuries to her face and left arm.

The Amaras (appellants herein) brought suit against Dunwoody Homes, Inc. (appellee Dunwoody herein), and Tommy Lain, individually, and doing business as T. Lain Drywall Company (appellee Lain herein) alleging numerous acts of common law negligence and violations of the Restatement of Torts.

Appellee Dunwoody filed a motion for partial summary judgment. The trial court granted Dunwoody's motion on both the common law and Restatement causes of action, holding the appellants take nothing from Dunwoody Homes, Inc. Appellee Lain filed a motion for summary judgment on both causes of action. The appellants then amended their pleadings. The trial court granted Lain's motion and incorporated Dunwoody's prior Summary Judgment into one final Summary Judgment.

On appeal, the appellants raise four points of error which attack both Summary Judgments. In their first point, the appellants assert the trial court erred in granting summary judgment in favor of Dunwoody because genuine issues of fact exist as to Dunwoody's common law negligence.

■ In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166–A. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47. If such uncontroverted evidence is from an interested wit-

ness, it cannot be considered as doing more than raising a fact issue, unless it is clear, direct, positive, and free from inconsistencies and contradictions. *Id.; see also Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex.1980)(per curiam) (affirming a summary judgment based solely upon the uncontroverted testimony of an interested party). The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

Appellants assert Dunwoody Homes was negligent in three specific respects: (1) in having Lain deliver the sheetrock early, three days before it was to be used, and in failing to take precautions in having the sheetrock stacked so that it would not be dangerous to children; (2) in failing to have doors and locks installed to keep trespassers out of the house "knowing, or ... should have known, [sic] that the sheetrock was dangerously stacked and that children would likely visit the premises"; and (3) in failing to post signs warning children that the property contained dangers and they should not enter.

Appellee Dunwoody responded by pointing out that it owed no duty to the Amaras. Dunwoody did own the homesite and it was the general contractor building the house. However, Lain was operating as an independent contractor with regard to the drywall installation. The deposition testimony of Tommy Lain, owner of T. Lain Drywall Company, was that Dunwoody was to merely call Lain and tell them when the house was ready for the drywall to be installed. Lain was responsible for seeing that the correct amount of sheetrock was delivered to the site and for installing it in a timely fashion so as not to hold up the other independent contractors or jobbers. No one from Dunwoody instructed the Lain employees as to where, when or how to deliver, store and install the sheetrock.

■ According to the general rule, an owner/occupier of land, such as Dunwoody, is not an insurer, and where a party's injury arises out of the performance of

work for which an independent contractor is employed, the duty to not injure third parties is that of the contractor, not the owner/occupier. *See Abalos v. Oil Development Co. of Texas,* 544 S.W.2d 627, 631 (Tex.1976); *Bryant v. Gulf Oil Corporation,* 694 S.W.2d 443, 445–46 (Tex.App.— Amarillo 1985, writ ref'd n.r.e.); *Shell Oil Co. v. Songer,* 710 S.W.2d 615, 618 (Tex. App.—Houston [1st Dist.] 1986, app. for writ pending). All of the evidence in the record before us supports Dunwoody's assertion that Lain was operating as an independent contractor. Although this evidence comes from interested parties, it was clear, direct, positive and had no inconsistencies or contradictions, *see Americana Motel, Inc.,* 610 S.W.2d at 143. There is no factual dispute that Dunwoody owed a duty to appellants. Point of error one is overruled.

■ In their third point of error, appellants assert genuine issues of material facts exist as to whether Dunwoody is liable to appellants under the Restatement of Torts, section 339 (1934).

Section 339 of the Restatement of Torts is entitled "Artificial Conditions Highly Dangerous to Trespassing Children". It is similar to the now discarded doctrine called "attractive nuisance". Under the Restatement, however, the dangerous condition does not necessarily "attract" the children onto the property. *Eaton v. R.B. George Investments,* 152 Tex. 523, 260 S.W.2d 587, 590 (1953). Texas first adopted the Restatement of Torts sec. 339 (1934) in *Banker v. McLaughlin,* 146 Tex. 434, 208 S.W.2d 843 (1948). Although the Restatement (Second) of Torts, sec. 339 was revised in 1965, no Texas case has expressly adopted the Restatement (Second). *See Burk Royalty Company v. Pace,* 620 S.W.2d 882, 885 (Tex.Civ.App.—Tyler 1981, no writ). The provisions of section 339 (First) state:

A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein.

RESTATEMENT (FIRST) OF TORTS sec. 339 (1934).

Even under the Restatement of Torts, however, Dunwoody would not be liable to the appellants. Under Restatement (Second) of Torts sec. 414 (1965), as in common law, an employer of an independent contractor can be held liable for that contractor's negligence only where the employer controls the actions of the independent contractor. The Supreme Court of Texas has recently adopted section 414 in *Redinger v. Living, Inc.,* 689 S.W.2d 415, 418 (Tex. 1985). The undisputed evidence in the record before us reveals that Lain was not directed by Dunwoody Homes in the manner in which Lain and its employees operated except to notify Lain when the jobsite was ready for sheetrocking. This is not sufficient to impose liability under section 414. *See Bryant v. Gulf Oil Corporation,* 694 S.W.2d 443, 448 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.). Appellants' third point of error is overruled.

In their second point of error, appellants contend the trial court erred in granting summary judgment in favor of appellee Lain because genuine fact issues exist as to the common law negligence of Lain. Their fourth point of error contends fact issues exist as to whether appellee Lain is liable to appellants under section 339 of the Restatement of Torts. In both their second and fourth points of error, appellants allege fact issues exist as to the negligence

of Tommy Lain, individually, and d/b/a T. Lain Drywall Company.

Appellants allege Lain was negligent: (1) in stacking the sheetrock in such a manner that only slight contact would cause the sheetrock to fall; and (2) in stacking sixteen sheets weighing a total of close to fifteen hundred (1500) pounds in one place. For Lain to be liable to trespassers such as Laila Amara and her brother, there must be evidence of *gross* negligence, or willful or wanton conduct. *See Burton Construction & Shipbuilding Co. v. Broussard,* 154 Tex. 50, 273 S.W.2d 598, 603 (1954). Since this is an appeal of a summary judgment proceeding, the burden was initially upon Lain to prove as a matter of law that it was not grossly negligent. The evidence presented to the trial court was that appellee Lain's method and manner of stacking and placing the sheetrock was in accordance with industry custom. Such evidence, while raising a fact question as to whether Lain was grossly negligent in its handling of the sheetrock does no more than establish that Lain complied with industry custom. That does not preclude the possibility that the custom itself tolerates negligence. *See Golden Villa Nursing Home, Inc. v. Smith,* 674 S.W.2d 343, 348 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Air Control Engineering, Inc. v. Hogan,* 477 S.W.2d 941, 946 (Tex.Civ.App.—Dallas 1972, no writ). Appellee Lain has failed to prove as a matter of law that he was not grossly negligent in the manner of stacking, storing and placing the sheetrock.

In his brief, appellee Lain makes no response to appellants' contention of common law gross negligence. Instead, he asserts that under section 384 of the Restatement (Second) of Torts he enjoys the same freedom from liability as appellee Dunwoody Homes, Inc. with regard to the duties owed to appellants. The section reads as follows:

> Liability of Persons Creating Artificial Conditions on Land on Behalf of Possessor for Physical Harm Caused While Work Remains in Their Charge
>
> One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure or other condition while the work is in his charge.

RESTATEMENT (SECOND) OF TORTS sec. 384 (1965).

Appellee Lain further cites as authority *Thomas v. Oil & Gas Building, Inc.,* 582 S.W.2d 873, 879 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). We can not accept Lain's construction of section 384.

The plain meaning of section 384 is that as long as someone who creates the harm-causing condition is doing so *on behalf of the possessor of the land,* that party is standing in the shoes of the owner/occupier/possessor of the land and is "subject to the same liability," with the same "freedom from liability" as if they were the possessor. This does not mean an independent contractor escapes liability for damages caused by his own negligent conduct simply because the owner is found not liable. A contractor such as Lain has the same *potential* exposure to tort liability under section 384 as the owner (Dunwoody) as long as Lain is in control of the work on the premises which poses a risk to third persons. This construction is borne out by *Thomas v. Oil & Gas Building, Inc. Id.,* cited by Lain.

In *Thomas,* the plaintiff, Thomas, sued for injuries received when she slipped on glue being used to bind new carpeting to the hallway of an office building. Defendants included: (1) the Building; (2) E.D. Hand, who was hired by Building to have the work done; and (3) Lucio, who was hired directly by Hand to lay the carpet. *Id.* at 876. The jury verdict awarded recovery for Thomas *only* against Hand. *Id.* The Corpus Christi Court of Appeals reversed in part and affirmed in part. *Id.* at 883. The undisputed evidence was that Lucio was negligent in failing to cordon off the area around the clear, odorless glue

and to warn persons of the danger. *Id.* at 879. The jury's failure to find Lucio negligent was against the great weight and preponderance of the evidence. *Id.* Part of the basis of Lucio's liability was expressly found to be section 384 of the Restatement (Second) of Torts. *Id.* That portion of the judgment which ruled Thomas take nothing from the Building was affirmed. *Id.* at 883. Clearly Lucio, the contractor, was held not only *subject* to the same scope of liability as was the Building, (the possessor of the property), but was in fact *held* liable to the plaintiff for his negligent actions although the Building was not held liable for its non-negligent actions.

As to Lain's potential liability under section 339 of the Restatement of Torts, the "Trespassing Children" section, we find fact issues also exist as to this cause of action. Clearly Lain himself knew children played about the construction sites. He knew how the sheetrock was stacked and that the leaning stack was heavy. Although Lain argued that it was undisputed the appellant Laila appreciated the danger and ignored the known risk by pulling on the sheetrock, we find her testimony raises fact issues on these points. Certainly her brother's deposition testimony contradicted the contention that they had been warned by their parents of the dangers of construction sites and to stay away from them. While Laila testified the stack of sheetrock only moved after they pulled on it the second time, Nabil testified to the contrary.

Cross-examination of Lain during his deposition also raised issues as to the utility of stacking the sheetrock on edge as opposed to placing it flat on the floor in a manner less dangerous to third persons such as trespassing youths.

Appellants have not established their right to recover as a matter of law, but according to the standards of review of summary judgment cases they have raised fact issues entitling them to proceed to a trial on the merits. Appellants' second and fourth points of error are sustained.

The summary judgment is affirmed as to Dunwoody Homes, Inc., however, that portion of the judgment favoring Tommy Lain, individually, and d/b/a T. Lain Drywall Company is reversed and remanded for trial.