Joe ESPINOZA, Appellant,

v.

E.B. HICKS, Appellee.

No. 08–97–00105–CV.

Court of Appeals of Texas,
El Paso.

Sept. 24, 1998.

---

Barry L. Hart, Law Office of Barry L. Hart, Odessa, for appellant.

Layton Zant Woodul, Cecil Kuhne, Crenshaw, Dupree & Milam, L.L.P., Lubbock, for appellee.

Before LARSEN, McCLURE and CHEW, JJ.

### *OPINION*

LARSEN, Justice.

This appeal concerns the requirements of Texas Health & Safety Code, section 752.003, a statute mandating safety procedures to be used when work is done near high voltage electrical lines. The trial court granted summary judgment for E.B. Hicks, a cotton farmer in Gaines County, Texas, on the

ground that Hicks was not a person responsible for an activity in proximity to overhead electrical lines. Plaintiff Joe Espinoza, a farm worker employed by independent contractor Royce Allen Farms to harvest cotton on Hicks' farm, was electrocuted when the farm equipment he was using came in contact with a live power line. Espinoza appeals the summary judgment. We affirm.

### *STANDARD OF REVIEW*

In a motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.[1] Evidence favorable to the nonmovant is taken as true, and every reasonable inference is resolved in favor of the nonmovant.[2] In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true.[3] Evidence that favors the movant's position will not be considered unless it is uncontroverted.[4]

To prevail on summary judgment, a defendant must disprove as a matter of law at least one essential element of plaintiff's cause of action, or it must conclusively establish one or more of its defenses.[5] Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim.[6]

### *Person "Responsible" for the Work Performed*

Defendant E.B. Hicks owns a cotton farm in Gaines County. He hired Royce Allen

1. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

2. *Id.* at 549.

3. *Knowles v. City of Granbury,* 953 S.W.2d 19, 22 (Tex.App.—Fort Worth 1997, writ denied).

4. *Id.*

5. *Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996).

6. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); *Duran v.Furr's Supermarkets, Inc.,* 921 S.W.2d 778, 784 (Tex.App.—El Paso 1996, writ denied).

Farms, a partnership, to harvest his cotton. Royce Allen Farms employed plaintiff Joe Espinoza. Hicks did not directly supervise the harvesting work. Although Hicks owned the equipment used to harvest the cotton, he rented it to Royce Allen Farms throughout the harvest season for harvesting his own crop and other cotton crops in the area.

Plaintiff Joe Espinoza was electrocuted, and severely burned, when he touched the cotton module builder which had contacted a high voltage line owned by Southwestern Public Service Company, and which crossed Hicks' land. It is undisputed that no one had notified the utility that work would be done in proximity to its power lines.

The only question for resolution here is how we apply Texas Health & Safety Code, section 752.003. That statute provides:

> A person, firm, corporation or association *responsible* for temporary work or a temporary activity or function closer to a high voltage overhead line than the distances prescribed by this chapter must notify the operator of the line at least 48 hours before the work begins.[7]

In a single point of error, plaintiff argues that a fact question exists as to whether E.B. Hicks was the person responsible for the cotton harvesting activity which led to his electrocution. Hicks, in contrast, successfully persuaded the trial court that Royce Allen Farms, as an independent contractor, bore the responsibility under the statute.

### The Summary Judgment Record

█ The summary judgment record in this case is not extensive. The motion is supported solely by the affidavit of defendant E.B. Hicks, the substantive portion of which states:

> I am the same E.B. HICKS who is one of the named Defendants in the above entitled and numbered cause.

> The electric power line which crossed the land which own [sic] in Gaines County, Texas on October 5, 1993 was owned, operated and maintained by SOUTHWESTERN PUBLIC SERVICE COMPANY.

> I did not and I have never owned, operated or maintained the electric power line which crosses my property.

> The Plaintiff in this case, JOE ESPINOZA was not my employee on October 5, 1993 or any other date and on such date was an employee of ROYCE ALLEN FARMS, a partnership consisting of WEYLON MULLINS and JEFFREY MULLINS.

> I retained ROYCE ALLEN FARMS to do certain work for me in connection with the harvesting of cotton. Prior to October 5, 1993, and on such date and all other dates, ROYCE ALLEN FARMS was acting as an independent contractor.

> I did not direct nor have any right to direct the details of employment of the work being conducted by ROYCE ALLEN FARMS.

Plaintiff filed a brief in opposition to summary judgment, supported by the affidavits of Southwestern Public Service Company and E.B. Hicks. In the trial court and on appeal, plaintiff urges that the "person responsible" for the temporary work, activity or function near high voltage lines possesses a non-delegable duty to guard against contact with the lines. He contends that because the evidence established that Hicks owned the land and owned and grew the cotton, (and we would add, was the owner of the equipment used to harvest the cotton) there is a fact question as to whether Hicks fits the definition of "person responsible" for the activity of harvesting the cotton. Hicks, in contrast, prevailed on summary judgment by convincing the trial court that Royce Allen Farms, as an independent contractor, was the person responsible for the temporary activity or function near the power lines, and that although Hicks hired Royce Allen Farms "to do certain work for me in connection with the harvesting of cotton," Hicks had no right to control the details of the harvest, and therefore could not be the person responsible for the activity under the Health and Safety Code. Having reviewed the summary judgment record, we conclude that the trial court correctly entered summary judgment here.

7. TEX. HEALTH & SAFETY CODE ANN. § 752.003(a)    (Vernon 1992) (emphasis added).

Nevertheless, we feel obligated to note that the accident here was exactly the sort this law was designed to prevent.[8] The legislature clearly intended to insure that no Texas worker is exposed to dangerous high voltage electrical lines. Under other circumstances, we would have no trouble finding a fact question on the issue of whether a farmer hiring workers to harvest a crop was the person responsible for the activity, whether an independent farm labor contractor was involved or not. We think it is clear, however, that the legislature did not intend to place a non-delegable duty upon landowners. We also conclude that Hicks established as a matter of law that he was not the responsible party under the statute.

We note that the statute makes no mention of a non-delegable duty, applicable to landowners or anyone else. Moreover, the legislature expressly imposed a duty upon a "person, firm, corporation, or association *either individually or through an agent or employee.*"[9] There is no mention of independent contractors in this language. Moreover, the statute's purpose, which is to protect workers from exposure to live electrical lines, is not violated by this interpretation. The person responsible for the work, and presumably most knowledgeable about the need to notify the utility, is still required to do so.

Because we conclude that the Health and Safety Code does not impose a non-delegable duty upon owners of land where independent contractors are employed, the common law rule applies. Generally, one who hires an independent contractor does not have a duty to insure that the contractor performs the hired work in a safe manner.[10] Under the general rule, the hiring party is not an insurer, and where a plaintiff's injury arises out of the performance of work for which an independent contractor is employed, the duty of care rests with the con-

tractor, not the hiring party.[11] That is the rule which governs the duties at issue here. Plaintiff's point of error is overruled.

### *CONCLUSION*

The summary judgment is affirmed.

---

**8.** *See Ringo v. Gulf States Utilities Co.,* 569 S.W.2d 31, 35 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.).

**9.** TEX. HEALTH & SAFETY CODE ANN. § 752.004 (Vernon 1992) (emphasis added).

**10.** *Abalos v. Oil Dev. Co. of Texas,* 544 S.W.2d 627, 631 (Tex.1976); *Hammack v. Conoco, Inc.,*

902 S.W.2d 127, 130 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *Staublein v. Dow Chem. Co.,* 885 S.W.2d 502, 505 (Tex.App.—El Paso 1994, no writ).

**11.** *See Abalos,* 544 S.W.2d at 631; *Amara v. Lain,* 725 S.W.2d 734, 737 (Tex.App.—Fort Worth 1986, no writ).