

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00242-CV

---

ANDREW BROWN AND SARA BROWN, INDIVIDUALLY
AND AS REPRESENTATIVES OF THE ESTATE OF
KEARA BROWN, DECEASED, APPELLANTS

V.

TRADITIONS OIL & GAS, LLC; TRADITIONS OIL & GAS
SERVICES, LLC; AND CHISUM RANCHES, LTD., APPELLEES

---

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 42,089, Honorable Curt Brancheau, Presiding

---

September 13, 2019

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellants, Andrew and Sara Brown, appeal the granting of summary judgment in favor of appellees, Traditions Oil & Gas, LLC, Traditions Oil & Gas Services, LLC, and Chisum Ranches, Ltd. (collectively, "Traditions"), as to the Browns' premises liability claim. We affirm the trial court's grant of summary judgment.

In March of 2015, eleven-year-old Keara Brown spent the weekend at the home of her friends, Shelby and Adeline McLemore. Keara's mother, Sara Brown, was comfortable with the three girls walking around the neighborhood unsupervised because they were old enough to appreciate dangers and avoid doing things that would get themselves hurt. While walking around, the girls saw a pump jack approximately 200 yards behind the McLemore residence that was not visible from the residence. Keara ran to the pump jack despite the McLemore girls' protests. There were no barriers, fences, or warning signs around or near the pump jack. Keara promptly climbed up the pump jack to "ride" it. Shelby yelled to Keara to get off the pump jack before she hurts herself. Despite these warnings, when Keara climbed to the top, she got caught between moving parts of the pump jack which inflicted fatal injuries.

Employees for Traditions had never seen children playing near the pump jack or at the houses near the pump. Further, they had never heard of children playing near the pump either. In fact, the only evidence of children playing on the pump jack is the present incident.

The Browns filed suit against Traditions alleging claims for negligence, attractive nuisance, premises liability, and gross negligence.[1] Traditions answered and, subsequently, filed traditional and no-evidence summary judgment motions. After considering the motions, summary judgment evidence, and arguments of counsel, the trial court granted Traditions' motions for summary judgment. The Browns filed a motion

---

[1] The only claims addressed in the Browns' appeal relate to their attractive nuisance claim.

for new trial, which was overruled by operation of law.  The Browns then timely filed notice of appeal.

By their appeal, the Browns generally contend that the trial court erred in granting Traditions' summary judgment motions.   Specifically, they contend that the evidence raises a material issue of fact regarding whether (1) Traditions knew or should have known that children were likely to trespass in the area of the pump jack, and (2) Keara, because of her youth, did not realize the risk involved in meddling with the pump jack.

## Standard of Review

An appellate court reviews a summary judgment ruling de novo.  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  The movant for summary judgment has the burden to show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).  Reviewing courts must take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in favor of the nonmovant.  *Provident Life & Accident Ins. Co.*, 128 S.W.3d at 215.  When a trial court's order does not specify the grounds relied on to grant summary judgment,[2] we will affirm if any of the summary judgment grounds are meritorious.  *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

---

[2] In the present case, the trial court issued a letter discussing its reasons for granting summary judgment.  Appellate courts do not generally consider these types of explanatory letters in performing our review.  *See Mattox v. Cty. Comm'rs' Court*, 389 S.W.3d 464, 469 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *see also Bosch v. Wilbarger Gen. Hosp.*, 223 S.W.3d 460, 464 (Tex. App.—Amarillo 2006, pet. denied) ("[L]etters are not the proper method for apprising the parties of the grounds for the granting of relief or order.").

"A movant for traditional summary judgment is entitled to summary judgment only if it conclusively negates at least one element of each of the plaintiff's causes of action, or conclusively establishes each element of an affirmative defense." *Yowell v. Granite Operating Co.*, 557 S.W.3d 794, 799 (Tex. App.—Amarillo 2018, pet. granted). A no-evidence summary judgment is reviewed using the legal sufficiency standard employed in a directed verdict case. *Id.* at 799-800. In reviewing a no-evidence summary judgment, our job is to determine whether the nonmovant has produced any evidence of probative force to raise a genuine issue of fact regarding a material question in the case. *Id.* at 800.

Applicable Law

A trespasser is a person who enters the property of another without any legal right or invitation, express or implied. *State v. Shumake*, 199 S.W.3d 279, 285 (Tex. 2006). A premises owner owes a duty not to injure a trespasser willfully, wantonly, or through gross negligence. *Tex. Utils. Elec. Co. v. Timmons*, 947 S.W.2d 191, 193 (Tex. 1997). But the duty owed to an invitee requires the premises owner to use ordinary care to reduce or eliminate unreasonable risks of harm caused by a condition of the premises of which the owner is or reasonably should be aware. *Id.* A bare trespasser is impliedly invited onto the premises if the trespasser is a child of tender years that came upon the premises due to its "unusual attractiveness." *Id.* This is the doctrine of attractive nuisance. *Id.*

The attractive nuisance doctrine has been described as follows:

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

4

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

*Id.* at 193-94 (citing, with approval, RESTATEMENT (SECOND) OF TORTS § 339 (1965)).

Whether an attractive nuisance exists is a question of law. *Kopplin v. City of Garland*, 869 S.W.2d 433, 441 (Tex. App.—Dallas 1993, writ denied). The attractive nuisance doctrine "should be applied with caution" and "only when the controlling facts bring the case well within [the] rules and principles" of the doctrine. *Vista Petro. Co. v. Workman*, 598 S.W.2d 721, 723 (Tex. Civ. App.—Eastland 1980, no writ) (quoting *Banker v. McLaughlin*, 208 S.W.2d 843, 850 (Tex. 1948)).

Analysis

The Browns initially challenge the trial court's summary judgment because they contend that the evidence raises a genuine issue of material fact regarding whether Traditions knew or should have known that children were likely to trespass in the area of the pump jack.

Much of the evidence that the Browns identify as raising a genuine issue of material fact regarding whether Traditions knew or should have known that children were likely to

5

trespass in the area of the pump jack comes from the affidavit of James McClellan, a former employee of Traditions who was responsible for the pump jack that caused the injuries to Keara. However, as acknowledged by the Browns, McClellan's affidavit was not presented to the trial court until the Browns filed their motion for new trial. When a motion for new trial is filed after a summary judgment motion has been granted, the trial court may ordinarily consider only the record as it existed at the time it decided the summary judgment motion.[3] *Circle X Land & Cattle Co.*, 325 S.W.3d at 863. Likewise, evidence attached to a motion for new trial that was not before the trial court at the time it granted summary judgment cannot be considered by a reviewing court on appeal. *McMahan v. Greenwood*, 108 S.W.3d 467, 482-83 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh'g).

When we review the evidence regarding whether Traditions knew or should have known that children were likely to play on or near the pump jack but exclude consideration of McClellan's affidavit, we are essentially left with the facts that the pump jack is located approximately 200 yards from residential homes in a location that is not visible from the residences, and that a trampoline, bikes, and kids' toys are located in the yards of those houses. While we indulge every reasonable inference in favor of the Browns, we must review all the evidence, including evidence that Traditions' employees were unaware of children ever playing near the pump jack or even that children lived in or visited the nearby residences. Considering only that evidence which was before the trial court at the time

---

[3] An exception exists when the trial court affirmatively indicates in the record that it accepted or considered evidence attached to the post-judgment motion. *Circle X Land & Cattle Co. v. Mumford Indep. Sch. Dist.*, 325 S.W.3d 859, 863 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). In the present case, the Browns' motion for new trial was overruled by operation of law, so there was no such affirmative statement made by the trial court.

that it ruled on Traditions' motion for summary judgment, we conclude that the evidence does not raise a genuine issue of material fact regarding whether Traditions knew or should have known that children were likely to be in the area around the pump jack.

We conclude that the facts of the present case are substantially similar to those in *Vista Petro. Co.*, 598 S.W.2d 721. In *Vista*, the appellate court reversed the trial court's ruling on venue after determining that the evidence supporting plaintiffs' attractive nuisance claim was legally insufficient. *Id.* at 724. In making this determination, the court identified that the oil well pump that caused the twelve-year-old's injuries was three-quarters of a mile from the farm where his mother worked, which was about seven miles from the nearest town. *Id.* at 722-23. Children came to the farm "from time to time" but the court did not indicate that any children were seen in the area where the pump was located. *Id.* at 722. The court concluded that there was no evidence that Vista knew or should have known that children would likely be in the area where the pump was located. *Id.* at 724. Consequently, the court concluded that the evidence was legally insufficient to establish an attractive nuisance. *Id.*

By contrast, the case of *Burk Royalty Co. v. Pace*, 620 S.W.2d 882 (Tex. App.—Tyler 1981, no writ), shows what must be proven to establish that the premises owner knew or should have known that children were likely to visit the area of the dangerous condition. In that case, the trial court's venue ruling was upheld because legally sufficient evidence supported the trial court's implied finding of an attractive nuisance. *Id.* at 886. In making this determination, the court identified that there was a worn path to the well, the well was within 100 yards of the nearest residence, and it was known that children frequently played on well pumps in the area. *Id.* at 883-84. Based on this evidence, the

court concluded that the oil company that owned the well knew or should have known that children were likely to frequent the area where the pump was located. *Id.* at 885. Consequently, the court concluded that the evidence was legally sufficient to establish an attractive nuisance. *Id.*

Because we conclude that the Browns failed to raise a genuine fact issue regarding an essential element of the Browns' attractive nuisance claim, we must affirm the trial court's grant of summary judgment. *Yowell*, 557 S.W.3d at 799.

Due to our conclusion that the Browns presented no evidence in support of one of the essential elements of their attractive nuisance claim, we need not address the issue of whether the Browns raised a genuine issue of material fact regarding whether Keara was of such tender years as to not recognize the danger posed by the pump jack. *See* TEX. R. APP. P. 47.1.

## Conclusion

Having concluded that Traditions was entitled to summary judgment, we affirm the judgment of the trial court.

Judy C. Parker
Justice